IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**    )
                                )
           v.                   )    1:15cr11-1
                                )    **Electronic Filing**
**JAMES LAMONT JOHNSON**         )

## MEMORANDUM ORDER

AND NOW, this 24th day of February, 2017, upon due consideration of [107] defendant's counseled motion to quash indictment as augmented through [111-1] defendant's *pro se* supplement to the motion and [110] the government's response thereto, IT IS ORDERED that [107] the motion as [111-1] supplemented be, and the same hereby is, denied.

Notwithstanding defendant's insistence that his arrest was 1) without foundation or 2) the result of actions taken in violation of due process, the record demonstrates that defendant has been brought before the court pursuant to sufficient process. The grand jury returned the pending indictment against defendant on March 11, 2015. On March 13, 2015, the government filed a motion for an arrest warrant. On that same date the motion was granted and the Clerk issued an actual warrant for defendant's arrest. The United States Marshal received the warrant and lodged it as a detainer at FCI McKean, where defendant was then incarcerated. The United States Marshal then returned the warrant as executed. Defendant was thereafter brought before the Magistrate Judge and entered a plea of not guilty to the pending charges.

At the hearing on August 26, 2016, the court indulged defendant with a hearing on his motion quash in an effort to assure that defendant understood that the process which brought him before the court was sufficient and in accord with his rights to due process. It became clear that two technical errors had occurred in the above sequence of events. First, when the deputy Marshal marked the warrant executed and returned at Document No. 17, the erroneous date of

receipt was entered as March 11, 2015, instead of the date the warrant was issued by the court: March 13, 2015. Second, staff at NEOCC failed to update the date of the placard placed in front of defendant when his picture was taken upon his entry into that facility. Of course, neither of these errors affected in any way the validity of the process that has brought defendant before the court on the pending charges. Consequently, his claims that 1) there was not probable cause for his arrest, 2) multiple arrest warrants were issued and/or executed in violation of his due process rights, and 3) the government has asserted authority over his person without proper process of law are all without merit.

For these reasons, defendant's counseled motion to quash indictment as augmented through defendant's *pro se* supplement to the motion has been denied. This is at least the third time the court has reviewed the record and found the position and arguments being advanced by defendant to be without merit. In other words, the clerical inconsistencies which fuel his perception of impropriety do not provide any basis for relief. To the extent defendant continues to insist on pursuing such theories, he does so at significant risk to his ability to formulate a wise and sensible legal defense and strategy to confront the pending charges against him.

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Marshall Piccinini, AUSA
Frank C. Walker, II, Esquire

United States Marshal's Office
United States Probation Office

(*Via CM/ECF Electronic Filing*)