IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     )
                                 )
            v.                   )      1:15cr11-1
                                 )      **Electronic Filing**
**JAMES LAMONT JOHNSON**         )


**MEMORANDUM OPINION**

On March 11, 2015, a grand jury returned a twelve-count indictment against James Lamont Johnson ("defendant") and a co-defendant. The indictment charges defendant at Count One with conspiracy to defraud the United States through the submission of false claims for income tax refunds, from in and around January, 2011, and continuing thereafter until in and around May, 2012, in violation of 18 U.S.C. § 286 and at Count Two with theft of government property from in and around January, 2011, and continuing thereafter until in and around May, 2012, in violation of 18 U.S.C. §§ 641 and 2. Defendant is charged at counts three through twelve with aggravated identity theft, on or about September 15, 2011 through September 20, 2011, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2. Presently before the court are defendant's *pro se* motion to unseal docket entries placing the arrest warrant under seal (Doc. No. 99), motion to produce evidence (Doc. No. 100), motion for an evidentiary hearing (Doc. No. 129), motion to suppress arrest warrant (Doc. No. 137), motion for the government to submit video surveillance and court audio tapes (Doc. No. 141), motion for production of any and all documents (Doc. No. 142), and motion for production of surveillance video and court audio tape memorandum (Doc. No. 144). Defendant also has filed a number of motions to have the court "remove" or "withdraw" Attorney Frank Walker from further representing defendant. These include motion to withdraw counsel (Doc. No. 130), motion to remove counselor (Doc. No. 135),

1

and motion to dismiss counsel (Doc. No. 145). For the reasons set forth below, the motions will be denied.

Each of the motions referencing various court docket entries and/or seeking the production of information/things is based on a persistent theme that defendant insists on pursuing: that 1) the documents entered into the court's record reflecting his arrest, initial appearance, and arraignment reflect inaccuracies regarding the dates of the events and 2) multiple documents have been tampered with or falsified – all of which have been undertaken in an effort to violate (and have violated) defendant's rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. For example, defendant has insisted that there were multiple arrest warrants issued and used to bring him before the court, and the use of such tactics is part of a grand scheme to violate his rights. He reasons:

> Document #17 clearly states that I was arrested on March 17, 2015, and it was not filed until March 19, 2015, this was after the defendant was already incarcerated, which clearly demonstrates a violation of the defendants liberty, because his liberty was taken before the government actually had authority to do so.
>
> Attorney Walker also refused to file a motion to suppress the authenticity of the (2) arrest warrants.
>
> Document # 17 is not the initial or original arrest warrant issued in this case. Document # 10 is it is the arrest warrant granted by Magistrate Judge Baxter, but the government had been prosecuting the defendant for more than (2) years with document #17 arrest warrant which has no Judge's order.

Motion to Dismiss Counsel (Doc. No. 145) at p. 2. A similar rendition is as follows:

> In both the defendant's Federal Cases, previous case No: 12-CR-52, and present case No: 15-CR-11 Magistrate judge Susan Paradise Baxter, granted an order for an arrest warrant in both cases.
>
> I attached the Court Criminal Docket sheet, the order for warrant, and the arrest warrant in both cases.
>
> NOTICE: In both cases each Arrest Warrant that was granted by Judge Baxter was completely disregarded along with the order and removed from the Court Criminal Docket

> sheet.
>
> This was intentionally done by AUSA Marshall Piccinini to deceive the defendant and conceal it, so that AUSA Piccinini could alter the warrant and present document# (5) Filed 9/19/12 Arrest warrant in previous case No: 12-CR-52, and document# (17) filed on 3/19/15, the Arrest Warrant in present case No. 15-CR-11. Attached.
>
> Arrest Warrant document# (5) Filed on 9/19/12 is not the original or duplicate of Arrest Warrant Document # (2) Filed 8/20/12 granted by Judge Baxter. And neither is Arrest Warrant Document# (17) Filed 3/19/15, an original or duplicate of Arrest Warrant Document # (10) Filed 3/13/15.
>
> * * *
>
> Therefore, the defendant requests that the Western District Court provide him with an order signed by a Judge for arrest Warrant document# (5) and (17) which he bleives to be altered by AUSA Piccinini.
>
> **CONCLUSION:** If the Western District Court cannot provide this order by a Judge for these (2) documents, then they have illegally detained the defendant for (5) years on bogus and unlawful arrest Warrant(s). And request that the Court seek for him to be immediately released.

Motion to Suppress Warrant Orders (Doc. No. 137) at p.1, 2.

This is at least the fourth time the court has reviewed the entire record and determined that the matters highlighted by defendant cannot provide him with any form of relief. In our third review of defendant's persistent tirade, the Court found/ruled:

> Notwithstanding defendant's insistence that his arrest was 1) without foundation or 2) the result of actions taken in violation of due process, the record demonstrates that defendant has been brought before the court pursuant to sufficient process. The grand jury returned the pending indictment against defendant on March 11, 2015. On March 13, 2015, the government filed a motion for an arrest warrant. On that same date the motion was granted and the Clerk issued an actual warrant for defendant's arrest. The United States Marshal received the warrant and lodged it as a detainer at FCI McKean, where defendant was then incarcerated. The United States Marshal then returned the warrant as executed. Defendant was thereafter brought before the Magistrate Judge and entered a plea of not guilty to the pending charges.
> At the hearing on August 26, 2016, the court indulged defendant with a hearing on his motion quash in an effort to assure that defendant understood that the process which brought him before the court was sufficient and in accord with his rights to due process. It became clear that two technical errors had occurred in the above sequence of events. First, when the deputy Marshal marked the warrant executed and returned at Document No. 17,

> the erroneous date of receipt was entered as March 11, 2015, instead of the date the warrant was issued by the court: March 13, 2015. Second, staff at NEOCC failed to update the date of the placard placed in front of defendant when his picture was taken upon his entry into that facility. Of course, neither of these errors affected in any way the validity of the process that has brought defendant before the court on the pending charges. Consequently, his claims that 1) there was not probable cause for his arrest, 2) multiple arrest warrants were issued and/or executed in violation of his due process rights, and 3) the government has asserted authority over his person without proper process of law are all without merit.
>
> For these reasons, defendant's counseled motion to quash indictment as augmented through defendant's *pro se* supplement to the motion has been denied. This is at least the third time the court has reviewed the record and found the position and arguments being advanced by defendant to be without merit. In other words, the clerical inconsistencies which fuel his perception of impropriety do not provide any basis for relief. To the extent defendant continues to insist on pursuing such theories, he does so at significant risk to his ability to formulate a wise and sensible legal defense and strategy to confront the pending charges against him.

Memorandum Order of February 24, 2017, denying defendant's counseled motion to quash indictment as augmented through Doc. No. 111-1 defendant's pro se supplement to the motion at p. 1-2.

The reasoning for court's rulings on the prior motion to quash indictment has supplied defendant with a basic understanding as to why his persistence in pursuing his theory of multiple arrest warrants and falsification of records has been found to be meritless and not resulted in any relief. The reasoning equally is applicable to all of the pending motions identified above and it explains to defendant why the court will not grant any of his motions and give him relief from the charges against him. In short, the inaccuracies and multiple documents highlighted by defendant do not 1) establish any violation of his rights, 2) make the process which brought defendant before the court deficient, or 3) provide any reason to dismiss the charges against him or remove Assistant Piccinini as the prosecutor.

It is important that defendant must understand that the court will continue to rule this way no matter how many times he tries to raise these matters and he will be prosecuted on the

4

charges that are pending against him without any ability to raise such matters in defense. An order precluding defendant from raising such matters at trail already has been entered.

In light of the above, defendant's *pro se* motions to unseal docket entries placing the arrest warrant under seal (Doc. No. 99), motion to produce evidence (Doc. No. 100), motion for an evidentiary hearing (Doc. No. 129), motion to suppress arrest warrant Doc. No. 137), motion for the government to submit video surveillance and court audio tapes (Doc. No. 141), motion for production of any and all documents (Doc. No. 142), and motion for production of surveillance video and court audio tape memorandum (Doc. No. 144) will be denied.

Defendant also has persisted in attempting to fault Attorney Frank Walker for not continuing to raise the issues discussed above and/or failing to seek what defendant insists is evidence to substantiate his claims. For example, defendant argues:

1. The defendant has filed multiple motions to the Western District Court, to have Frank Walker removed, in fact: Frank Walker had filed a motion himself to be removed off this case and him and the defendant were denied by the Court.

2. Frank Walker knows that my Fourth, Fifth and Fourteenth Amendment rights have been violated by these multiple issued arrest warrant(s).

3. He does not argue to get my evidence, and he refuses to get me back into court after I discovered that there were (2) arrest warrant(s) in the case when I was only arrested one time.

4. Mr. Walker refused to address the government on their statements they made in an August 26, 2016 hearing which would perjure the government official's.

Motion to Remove Counselor (Doc. No. 135) at p.1.

As defendant notes, this is not the first time the court has considered defendant's claim that Attorney Walker is not pursuing defendant's best interest by refusing to burden the court with repeated motions regarding the inaccuracies and multiple documents defendant identifies as improper or the product of a conspiracy to violate defendant's rights. In addressing a series of similar motions, the court found and opined:

5

> The court witnessed counsel's performance at the hearing and it was readily apparent that he expended more than adequate time and effort to investigate the matters that defendant doggedly has insisted on pursuing, prepared for the hearing and zealously represented defendant's interests in presenting defendant's position regarding the same. It is difficult to imagine better representation under the circumstances.
>
> Defendant has had the benefit of two separate CJA counsel and the court's lenient indulgence in permitting defendant to develop the record fully on the matters underlying his repeated efforts to have the indictment dismissed and/or Assistant United States Attorney Marshall Piccinini removed. Defendant's unwillingness and/or inability to understand the court's repeated assessments of these positions are not grounds to fault the performance of counsel. And at this juncture the case is ready to be scheduled for trial and defendant has had more than adequate time to prepare any remaining defenses. Consequently, Attorney Walker will not be relieved from representing defendant.

Memorandum Order of October 31, 2016 (Doc. No. 95) at p. 1-2. This same reasoning remains applicable to defendant's current *pro se* motions to remove Attorney Walker from the case.

It appears that defendant does not appreciate that all lawyers who appear before the court must conform their conduct to required certain levels of professional and certain ethical standards. This is true for all lawyers, including Attorney Nightingale, Attorney Walker and Assistant United States Attorney Piccinini.

Included within these standards is a requirement that a lawyer not pursue with the court a position he or she knows to be frivolous or meritless. Given this standard Attorney Walker simply cannot continue to file motions with the court that raise matters that the court has already addressed and found to be without any merit. Defendant's continued insistence that Attorney Walker do so or be removed from the case seeks to fault Attorney Walker for failing to file motions that the court and the applicable rules of professional conduct forbid Attorney Walker from filing. Because Attorney Walker cannot as a matter of professional conduct file the motions that plaintiff insists he continue to file, plaintiff's attempts to have Attorney Walker removed from the case on such grounds also are misplaced and meritless.

6

For the reasons set forth above, defendant's various motions seeking relief based on the notion that the documents entered into the court's record reflecting his arrest, initial appearance, and arraignment reflect inaccuracies regarding the dates of the events and/or multiple documents that have been tampered with or falsified in an effort to violate defendant's constitutional rights will be denied as meritless. His motions to fault Attorney Walker for failing to file additional motions seeking to further pursue such bases for relief likewise will be denied. An Appropriate order will follow.

Date: September 29, 2017

s/David Stewart Cercone
David Stewart Cercone
United States District Judge

cc: Marshall Piccinini, AUSA
Frank C. Walker, II, Esquire

United States Marshal's Office
United States Probation Office

(*Via CM/ECF Electronic Filing*)