IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | 1:20cv13 |
| v. | ) | 1:15cr11-1 |
| | ) | **Electronic Filing** |
| **JAMES LAMONT JOHNSON** | ) | |

### MEMORANDUM OPINION

On March 11, 2015, a grand jury returned a twelve-count indictment against James Lamont Johnson ("defendant") and a co-defendant. Defendant pled guilty to two counts and was sentenced. Presently before the court is defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion will be denied.

The history of this case as it relates to defendant's motion accurately is recounted in the government's response to defendant's motion to vacate. On October 2, 2017, after a complete and thorough plea colloquy, defendant pled guilty one count of conspiracy to defraud the government with respect to claims and one count of aggravated identity theft. These crimes and defendant's relevant conduct encompassed an actual loss of $62,653.00. See Presentence Investigation Report (Doc. No. 170) at ¶ 9. Defendant played a central role in the orchestrated scheme to steal identities and obtain cash through the filing of false income tax returns, even though he was incarcerated at the time.

Defendant raises seven challenges to his conviction and sentence:

1. Counsel was ineffective for failing to move for dismissal after the government violated Fed. R. Crim. P. 5 and due process.

2. Counsel was ineffective for failing to move to dismiss for perjured testimony and fraudulent evidence.

3. Counsel was ineffective for failing to move to dismiss for an improperly managed docket.

4.  Counsel was ineffective for failing to object to the imposition and amount of restitution.

5.  Counsel was ineffective for failing to request video and audio evidence regarding the alleged improprieties regarding the execution of the arrest warrant.

6.  Counsel was ineffective for failing to challenge the government's motion *in limine*.

7.  Counsel was ineffective for not requesting the sentence to run concurrent with another sentence defendant was serving for a crime he committed around the same time.

The government opposes the motion on the grounds that counsel effectively did preform the vast majority of the identified bases for relief notwithstanding defendant's current contentions to the contrary and all of the bases are meritless in any event.  We agree.

A § 2255 motion may be disposed of summarily where the motion fails to set forth a basis upon which relief can be granted or where the factual allegations advanced in support of the motion are vague, conclusory or patently frivolous.  See Rule No. 4 of the Rules Governing § 2255 Proceedings; Blackledge v. Allison, 431 U.S. 63 (1977); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972) (where the record affirmatively indicates that a claim for relief is without merit, it may be decided summarily without a hearing).  In Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985), the United States Court of Appeals for the Third Circuit stated:

> A Section 2255 motion is addressed to the discretion of the trial judge in the first instance and where the record affirmatively indicates the claim for relief is without merit, the refusal to hold a hearing will not be deemed an abuse of discretion.

Id.; accord United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000).  Other courts have reached the same conclusion.  See Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982) (proper for district court to dismiss portion of § 2255 petition without evidentiary hearing where allegations conclusively failed to state a claim for relief); United States v. Oliver, 865 F.2d 600, 604 (4th Cir.), cert. denied, 493 U.S. 830 (1989) (district court may dismiss § 2255 petition

pursuant to Rule 4(b) where record conclusively demonstrates that movant is not entitled to relief as a matter of law); Mathews v. United States, 11 F.3d 583, 584-86 (6th Cir. 1993) (where § 2255 petition raises no factual disputes and bases for relief are without merit, district court need not hold an evidentiary hearing and may dismiss the motion summarily).

It is well settled that a motion pursuant to § 2255 may not be used to relitigate matters already decided on direct appeal.  Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1074-75 (3d Cir. 1985); United States v. Orejuela, 639 F.2d 1055, 1057 (3d Cir. 1981).  And this applies not only to matters that were actually raised, but to any trial matters that could have been raised on direct appeal but were not for strategic or other reasons.  United States v. Frady, 456 U.S. 152, 164-65 (1982); Konigsberg v. United States, 418 F.2d 1270, 1273 (3d Cir. 1969). ("Where a federal court had an opportunity to consider the merits of the contention it is within the discretion of the § 2255 court whether or not to relitigate the issue"); accord Kohlmiller v. United States, 2010 WL 3270753 (W.D. Pa. August 18, 2010) (same) (collecting cases in support).

The issues at 1, 2, 3, 5 and 6 were thoroughly raised and considered by this court on multiple occasions.  The Memorandum Opinion issued by this court on September 29, 2017, resolved defendant's *pro se* motions to 1) unseal docket entries placing the arrest warrant under seal, 2) produce evidence, and 3) suppress arrest warrant, and for 5) an evidentiary hearing, 6) the government to submit video surveillance and court audio tapes, 7) production of any and all documents, and 8) production of surveillance video and court audio tape memorandum.  It also denied defendant's numerous *pro se* motions to discharge counsel.  It provided as follows:

This is at least the fourth time the court has reviewed the entire record and

determined that the matters highlighted by defendant cannot provide him with any

form of relief.  In our third review of defendant's persistent tirade, the Court

found/ruled:

      Notwithstanding defendant's insistence that his arrest was 1) without foundation or 2) the result of actions taken in violation of due process, the record demonstrates that defendant has been brought before the court pursuant to sufficient process.  The grand jury returned the pending indictment against defendant on March 11, 2015.  On March 13, 2015, the government filed a motion for an arrest warrant.  On that same date the motion was granted and the Clerk issued an actual warrant for defendant's arrest.  The United States Marshal received the warrant and lodged it as a detainer at FCI McKean, where defendant was then incarcerated.  The United States Marshal then returned the warrant as executed.  Defendant was thereafter brought before the Magistrate Judge and entered a plea of not guilty to the pending charges.

      At the hearing on August 26, 2016, the court indulged defendant with a hearing on his motion to quash in an effort to assure that defendant understood that the process which brought him before the court was sufficient and in accord with his rights to due process.  It became clear that two technical errors had occurred in the above sequence of events.  First, when the deputy Marshal marked the warrant executed and returned at Document No. 17,  the erroneous date of receipt was entered as March 11, 2015, instead of the date the warrant was issued by the court: March 13, 2015.  Second, staff at NEOCC failed to update the date of the placard placed in front of defendant when his picture was taken upon his entry into that facility.  Of course, neither of these errors affected in any way the validity of the process that has brought defendant before the court on the pending charges.  Consequently, his claims that 1) there was not probable cause for his arrest, 2) multiple arrest warrants were issued and/or executed in violation of his due process rights, and 3) the government has asserted authority over his person without proper process of law are all without merit.

      For these reasons, defendant's counseled motion to quash indictment as augmented through defendant's *pro se* supplement to the motion has been denied.  This is at least the third time the court has reviewed the record and found the position and arguments being advanced by defendant to be without merit.  In other words, the clerical inconsistencies which fuel his perception of impropriety do not provide any basis for relief.  To the extent defendant continues to insist on pursuing such theories, he does so at significant risk to his ability to formulate a wise and sensible legal defense and strategy to confront the pending charges against him.

Memorandum Order of February 24, 2017, denying defendant's counseled motion to quash indictment as augmented  through Doc. No. 111-1 defendant's *pro se* supplement to the motion at p. 1-2.

The reasoning for court's rulings on the prior motion to quash indictment has supplied defendant with a basic understanding as to why his persistence in pursuing his theory of multiple arrest warrants and falsification of records has been found to be meritless and not resulted in any relief.  The reasoning equally is applicable to all of the pending motions identified above and it explains to defendant why the court will not grant any of his motions and give him relief from the charges against him.  In short, the inaccuracies and multiple documents highlighted by defendant do not 1) establish any violation of his rights, 2) make the process which brought defendant before the court deficient, or 3) provide any reason to dismiss the charges against him or remove Assistant Piccinini as the prosecutor.

It is important that defendant must understand that the court will continue to rule this way no matter how many times he tries to raise these matters and he will be prosecuted on the charges that are pending against him without any ability to raise such matters in defense.  An order precluding defendant from raising such matters at trail already has been entered.

In light of the above, defendant's *pro se* motions to unseal docket  entries placing the arrest warrant under seal (Doc. No. 99), motion to produce evidence (Doc. No. 100), motion for an evidentiary hearing (Doc. No. 129), motion to suppress arrest warrant Doc. No. 137), motion for the government to submit video surveillance and court audio tapes (Doc. No. 141), motion for production of any and all documents

(Doc. No. 142), and motion for production of surveillance video and court audio tape memorandum (Doc. No. 144) will be denied.

Defendant also has persisted in attempting to fault Attorney Frank Walker for not continuing to raise the issues discussed above and/or failing to seek what defendant insists is evidence to substantiate his claims.  For example, defendant argues:

1. The defendant has filed multiple motions to the Western District Court, to have Frank Walker removed, in fact: Frank Walker had filed a motion himself to be removed off this case and him and the defendant were denied by the Court.

2. Frank Walker knows that my Fourth, Fifth and Fourteenth Amendment rights have been violated by these multiple issued arrest warrant(s).

3. He does not argue to get my evidence, and he refuses to get me back into court after I
discovered that there were (2) arrest warrant(s) in the case when I was only arrested one time.

4. Mr. Walker refused to address the government on their statements they made in an August 26, 2016 hearing which would perjure the government official's.

Motion to Remove Counselor (Doc. No. 135) at p.1.

As defendant notes, this is not the first time the court has considered defendant's claim that Attorney Walker is not pursuing defendant's best interest by refusing to burden the court with repeated motions regarding the inaccuracies and multiple documents defendant identifies as improper or the product of a conspiracy to violate defendant's rights.  In addressing a series of similar motions, the court found and opined:

The court witnessed counsel's performance at the hearing and it was readily apparent that he expended more than adequate time and effort to investigate the matters that defendant doggedly has insisted on pursuing, prepared for the hearing and zealously represented defendant's interests in presenting defendant's position regarding the same.  It is difficult to imagine better representation under the circumstances.

6

> Defendant has had the benefit of two separate CJA counsel and the court's lenient indulgence in permitting defendant to develop the record fully on the matters underlying his repeated efforts to have the indictment dismissed and/or Assistant United States Attorney Marshall Piccinini removed.  Defendant's unwillingness and/or inability to understand the court's repeated assessments of these positions are not grounds to fault the performance of counsel.  And at this juncture the case is ready to be scheduled for trial and defendant has had more than adequate time to prepare any remaining defenses.  Consequently, Attorney Walker will not be relieved from representing defendant.

Memorandum Order of October 31, 2016 (Doc. No. 95) at p. 1-2.  This same reasoning remains applicable to defendant's current *pro se* motions to remove Attorney Walker from the case.

It appears that defendant does not appreciate that all lawyers who appear before the court must conform their conduct to required certain levels of professional and certain ethical standards.  This is true for all lawyers, including Attorney Nightingale, Attorney Walker and Assistant United States Attorney Piccinini.

Included within these standards is a requirement that a lawyer not pursue with the court a position he or she knows to be frivolous or meritless.  Given this standard Attorney Walker simply cannot continue to file motions with the court that raise matters that the court has already addressed and found to be without any merit. Defendant's continued insistence that Attorney Walker do so or be removed from the case seeks to fault Attorney Walker for failing to file motions that the court and the applicable rules of professional conduct forbid Attorney Walker from filing.  Because Attorney Walker cannot as a matter of professional conduct file the motions that plaintiff insists he continue to file, plaintiff's attempts to have Attorney Walker removed from the case on such grounds also are misplaced and meritless.

For the reasons set forth above, defendant's various motions seeking relief based on the notion that the documents entered into the court's record reflecting his arrest, initial appearance, and arraignment reflect inaccuracies regarding the dates of the events and/or multiple documents that have been tampered with or falsified in an effort to violate defendant's constitutional rights will be denied as meritless.   His motions to fault Attorney Walker for failing to file additional motions seeking to further pursue such bases for relief likewise will be denied.  An Appropriate order will follow.

Memorandum Opinion of September 29,  2017 (Doc. No. 153).

The court's Memorandum Opinion and Order of September 29, 2017, directly resolved the issues at 1, 2, 3, 5 and 6 of defendant's current motion pursuant to § 2255.[1]  Those issues were meritless then and they continue to be meritless today.  And the court explained to defendant why counsel was ethically precluded from further pursuing several of the matters. Counsel was ethically restrained from doing so then and any lawyer would continue to be so restrained today.  It follows that counsel cannot be found to have been ineffective for failing to raise (or further pursue) positions and seek relief that he knows would violate his duty of candor to the tribunal.  Thus, these matters were thoroughly addressed by this court.

Moreover, defendant was permitted to raise the issues underlying grounds 1, 2, 3, 5 and 6 as part of his conditional plea.  See Plea Agreement at Doc. No. 157-1 at ¶ 8(c).  He insisted on doing so and counsel filed an Anders brief.  After consideration of the brief and defendant's *pro se* submissions in opposition thereto, the United State Court of Appeal for the Third Circuit agreed that the issues were meritless and affirmed the judgment of conviction and sentence of this court.  See Opinion of April 5, 2019 (Doc. No. 192-2).

---

[1] The court also entered an order on September 27, 2017, precluding defendant from introducing any evidence at trial regarding these matters.  See Doc. No. 147.

Defendant litigated the issues underlying grounds 1, 2, 3, 5 and 6 in this court and on direct appeal.  They repeatedly were rejected as meritless.  They remain meritless.  Defendant cannot use these alleged errors to impugn the integrity or professional performance of trial counsel.  He was quite effective despite defendant's obsessive insistence on a path of self-destruction.  Consequently, the issues underlying grounds 1, 2, 3, 5 and 6 cannot be relitigated though a § 2255 motion.

Defendant's bases at 4 and 7 challenging counsel's performance regarding restitution and a concurrent sentence equally are specious.  A two-part test is utilized to assess an ineffective counsel claim.  See Strickland v. Washington, 466 U.S. 668 (1984).  The first prong requires the petitioner to demonstrate that counsel's performance was deficient.  This requirement is met where "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Flamer v. State of Delaware, 68 F.3d 710, 728 (3d Cir. 1995) (quoting Strickland, 466 U.S. at 687)).  This prong requires proof that counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms, which existed at the time.  Id.  The assessment begins with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and the court's scrutiny of counsel's performance is to be highly deferential.  Id. (citing Strickland, 466 U.S. at 689); see also Government of Virgin Islands v. Weatherwax, 77 F.3d 1425, 1431 (3d Cir. 1996).  The assessment of counsel's performance must be made in light of all the circumstances and the ultimate objective of assuring vigorous advocacy of the petitioner's defense.  Id.  It also must be made without the "distorting effects of hindsight" and the petitioner has the burden of overcoming the strong presumption that counsel was effective. United States v. Kissick, 69 F.3d 1048, 1054 (10th Cir. 1995).

The second prong of the Strickland analysis requires a showing that counsel's ineffectiveness was prejudicial.  Flamer, 68 F.3d at 728.  This prong requires a petitioner to demonstrate that but for counsel's unprofessional errors, there is a reasonable probability that the result of the prosecution would have been different.  In this context "[a] reasonable probability is one which is 'sufficient to undermine confidence in the outcome.'"  Id. (quoting Strickland, 466 U.S. at 694).  The assessment cannot be based upon generalities, but instead must be based upon a demonstration of how the "specific errors of counsel undermined the reliability of the [outcome]."  Flamer, 68 F. 3d at 729 (quoting United States v. Cronic, 466 U.S. 648, 659 n.26 (1984)).  Where the alleged error is based upon a failure to make a reasonable investigation or the election to pursue one defense over another, a heavy measure of deference must be accorded to counsel's judgment.  As long as there was a reasonable basis for counsel's strategic decision, counsel may not be found to be ineffective.  See Weatherwax, 77 F.3d at 1432.

Here, the amount of restitution was supported by the evidence and the order entered imposed defendant's liability as joint and several with his co-conspirator.  There was not any sound basis to challenge the issue of restitution at the time of sentencing.  There is not any sound basis to challenge it today.  The asserted error did not occur and does not exist.

The same is true as to a concurrent sentence: counsel requested that defendant's sentence be made to run concurrent with his undischarged term that he was serving and the court rejected that approach.  Instead, it varied because of the cumulative length of the combined terms. Defendant cannot use this alleged error to impugn the integrity or professional performance of trial counsel.  He effectively raised the issue with the court and the court granted some relief on that very basis.  Defendant's dissatisfaction with his overall sentence does not supply a basis for finding that counsel's performance fell below the standard required by the Sixth Amendment.

10

It follows that defendant is not entitled to relief and the order above will be entered

denying his motion.

Date: March 27, 2023

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge


cc:   Molly W. Anglin, AUSA
      Frank C. Walker, II, Esquire

      (*Via CM/ECF Electronic Mail*)

      James Lamont Johnson
      #20078-068
      FCI Cumberland
      Federal Correctional Institution
      P.O. Box 1000
      Cumberland, Md 21501

      (*Via United States Postal Service Mail*)